MEMORANDUM
ADKINS, J.
The paving and curbing involved in this case were laid in the year 1930. No assessment of any part of their cost had been made prior to the passage of the Act of February 20, 1931 (46 Stat. 1197).
The question in this case is whether assessments may be made by the Commissioners of the District under that Act; if not, probably no such assessment may be made without ad *56 ditional legislation. It is difficult to believe that Congress intended such a result.
The Court of Appeals had held void a number of assessments made under earlier legislation. See Rudolph v. Johnson, 57 App. D. C. 29; Dougherty v. American Security & Trust Co., 59 App. D. C. 301; Dougherty v. Heurich, 59 App. D. C. 303.
Thereupon Congress considered the matter very carefully and the Act of February 20, 1931, was passed to provide a method of determining the assessments which would meet the objections which caused the Court of Appeals to declare the earlier assessments void.
Section 11 of the Act directed the Commissioners to cancel assessments for work done within three years under the earlier statutes and to reassess the cost of such improvements under the new Act. The rest of the statute apparently was intended to cover new work.
Plaintiffs contend, because there had been no assessments for the improvements involved in this case, that the statute does not cover that work, and that therefore assessments cannot be made for that work.
Admittedly there is some room for this contention.
But upon an examination of the entire statute and consideration of the causes leading to its passage it seems to me that Congress intended the new statute to apply to all such work done within three years prior to its adoption, as well as to all work done after its date.
It seems to me that the assessment can be made under a reasonable construction of either section 1 or section 11.
Section 1 may be held to apply to all such work whenever done, if there had been no assessment prior to the date of the statute. In this event section 11 may be held to apply only to cases where the assessment had been made under the old statutes and cancelled.
Or, if Section 11 is the only part of the statute applicable *57 to past work, then the direction to cancel assessments applies only if assessments had been made. The second clause still directs the Commissioners to assess — “reassess” is the word used; but that word is broad enough to include an original assessment as well as a reassessment.
See Seattle v. Kelleher, 195 U.S. 351.
I think this case is within the reasoning of the Court of Appeals in Bride v. Macfarland, 18 App. D. C. 123.
Therefore the motion to dismiss will be granted.
MEMORANDUM
ADKINS, J.
Originally the motion to dismiss the bill of complaint was submitted on briefs. After my decision granting the motion plaintiff moved for a rehearing, and that motion has been argued.
After this oral discussion and further study of the briefs I have again concluded that the motion to dismiss should be granted.
It seems to me the case involves only a question of statutory construction. Plaintiff’s counsel wants a trial in order that he may introduce, among other things, “evidence as to the debates and discussions on the floor of Congress regarding the enacting of the Act of February 20, 1931, involved in this proceeding.”
In my opinion such evidence is not admissible. Nor do I think the other evidence mentioned would shed any light on the meaning of the statute here involved.
Therefore the motion for rehearing is denied.